SARAH C. GOWER *vs.* CHARLES G. KEENE, Administrator.

Cumberland.    Opinion March 30, 1915.

*Bank Deposits.   Equity.   Husband and Wife.   Title.   Trust.   Trustee.*

The case was heard before a single Justice, who found and ruled that deposits on account of No. 7718 of the Brunswick Institution standing, at the time, in name of Francis S. Gower, of $400 October 1, 1900, $54.41 October 28, 1901 and $300 October 3, 1903, were the monies of complainant.

*Held:*

1.   The evidence does not satisfy the conscience of the court that complainant has overcome the presumption that the deposit of $310 on the 17th of October, 1905, and $200 on the 23d day of November, 1906, were the property of Francis S. Gower, deceased.

2.   The fact that the deposit was in the name of deceased and was controlled by him in his lifetime and was not controlled or in the possession of his wife, would make it assets in the hands of his administrator, unless charged with a trust at the time of deposit, or that said Francis S. Gower was in some way divested of it in his lifetime.

3.   It is admissible to vary, by evidence aliunde, the effect of the entry in the bank and deposit book, and to show that the person in whose name the account stands is not the real owner, but holds the legal title as trustee for another.

4.   A perfect or completed trust is created when the donor makes an unequivocal declaration, either in writing or by parol, that he himself holds it in trust for the purposes named.

5.   To create a trust, the acts or words relied upon must be unequivocal, implying that the person holds the property as trustee for another.

On appeal by defendant. Appeal dismissed. Decree below affirmed.

This is a bill in equity, brought by Sarah C. Gower, widow of Francis S. Gower, late of Pownal, against Charles G. Keene, Administrator of the estate of Francis S. Gower, praying that the defendant may be declared a trustee of the sum of fifteen hundred dollars, out of the deposit of $2040. The defendant filed answer, and the plain-

tiff a replication. The cause was heard before a single Justice, and the final decree, sustaining the bill and decreeing that the sum of $2040 received by defendant May 10, 1910 from the Brunswick Savings Institution in the name of Francis S. Gower, the sum of $400 deposited October 1, 1900, the sum of $54.51 deposited October 28, 1901 and the sum of $300 deposited October 3, 1903, is declared to be the property of the plaintiff. The defendant appealed from this decree to the Law Court.

The case is stated in the opinion.

*W. H. Judkins*, for plaintiff.

*Wilford G. Chapman*, for defendant.

SITTING: SAVAGE, C. J., CORNISH, HALEY, HANSON, PHILBROOK, JJ.

HALEY, J. This is a bill in equity wherein the plaintiff asks that the defendant, the administrator of Francis S. Gower, deceased, the husband of the plaintiff, may be declared a trustee of the sum of $1500, with interest thereon, out of a deposit of $2040, received by the defendant as administrator aforesaid, from the Brunswick Institution for Savings, on deposit account No. 7718, for the benefit of the plaintiff, and that he be ordered and decreed forthwith to pay over said sum to the plaintiff. The case was heard before a single Justice, who made a finding of facts, and ruled "That the deposits on account No. 7718 of the Brunswick Savings Institution standing, at the time of his decease, in the name of Francis S. Gower, of $400 October 1, 1900; $54.41 October 28, 1901, and $300 October 2, 1903, were the monies of the complainant, to which she is entitled. The evidence does not satisfy the conscience of the court that complainant has overcome the presumption that the deposit of $310 on the 17th day of October, 1905, and $200 on the 23d day of November, 1906, were the property of Francis S. Gower, deceased," and the case is before this court upon appeal by the defendant.

The account was opened March 9, 1889, with a deposit of $500 in the name of Francis S. Gower, and there is no question but that that deposit represented his own money. On October 1, 1900, there was a deposit of $400; October 28, 1901, there was a deposit of $54.41; October 2, 1903, there was a deposit of $300; October 17, 1905, there was a deposit of $310, and November 23, 1906, there was a deposit of $200, making the total deposits $1764.41, and the dividends

credited upon said account were $727, making a total of $2491.46. There was withdrawn by Mr. Gower in his lifetime $451.46, leaving to his credit at the time of his death $2040.

The first deposit represented pension money deposited by Mr. Gower. It is the claim of the plaintiff that all of the other deposits were made by her upon the account No. 7718, standing in the name of her husband, with his consent, with the intention on the part of herself and her husband that the monies so deposited by her should be and remain her separate property, although on his account, and with the understanding and agreement on the part of her said husband that he would hold the legal title to her said deposits in his name on said book, but that as to all of her said deposits made on said account with his consent, with all dividends accruing thereon, should be and remain the plaintiff's individual property, and that the deposits were so made by her because she had standing in her own name in said institution a deposit of $2000, and could receive no interest upon any further increase of said deposit.

The plaintiff was also possessed of other property, owning the farm upon which she and her husband lived, having obtained the title, subject to a mortgage November 17, 1882, from her husband, and she afterwards discharged the mortgage debt, which was the only consideration for the conveyance. The plaintiff also had bonds, town notes and money in other savings institutions, and claimed that she had several thousand dollars at interest. Francis S. Gower, at his death, had no property except the deposit No. 7718. The evidence shows that the bank book and deposits were always controlled by Francis S. Gower in his lifetime, and there is no evidence in the case of any understanding or agreement between the husband and wife, as alleged in the bill except testimony of what is claimed to be an admission by Mr. Gower that some of the deposit No. 7718 belonged to his wife.

The fact that the deposit was in the name of the deceased, and was controlled by him in his lifetime and was not controlled or in the possession of his wife, would make it assets in the hands of his administrator, unless charged with a trust at the time of the deposit, or unless said Francis was in some way divested of it in his lifetime. The plaintiff relies entirely upon an agreement between her and her husband at the time of the deposits.

It appears from the testimony of Mr. Riley that Mr. and Mrs. Gower usually went to the bank each year, in the fall, and obtained from the officials of the bank an envelope that had been left in the bank by them, containing their securities, consisting of the wife's bonds, town note and deposit book, and the husband's deposit book; that after cashing the coupons and receiving the interest upon the town note, "And then, as a rule, they went over to the shelf in the corner of the bank and conversed together for a while, and they would go back to the savings bank window and make a deposit. Q. Do you remember who brought the money? A. Really, I could not say that under oath, because they invariably came to the window together, and I could not really tell which one actually put the money in there."

The circumstances of the deposit, as testified to by Mr. Riley, together with the facts that the deposit was in the name of the husband and the book was always in his possession, are evidence that the deposit was the property of the husband and assets in the hands of his administrator, because the deposits were not identified as being Mrs. Gower's money, and are not shown to have been made by her, and the bank book and account, as testified to, were always under the complete dominion and control of the defendant's intestate, differing materially from the case of *Bank* v. *Fogg*, 83 Maine, 374.

But it is admissible to vary by evidence aliunde, the effect of the entry in the bank and deposit book, and to show that the person in whose name the account stands, is not the real owner, but holds the legal title as trustee for another, but the evidence should be clear and convincing. "A perfect or completed trust is created when the donor makes an unequivocal declaration, either in writing or by parol, that he himself holds it in trust for the purposes named. . . . To create a trust the acts or words relied upon must be unequivocal, implying that the person holds the property as trustee for another." *Bank* v. *Merriam*, 88 Maine, 151; *Chace* v. *Chapin*, 130 Mass., 128.

The plaintiff read the depositions of Mr. and Mrs. Webster, taken August 28, 1911, which showed that May 25, 1905, in a talk between Mr. Gower and the plaintiff, she accused him of having no property, and he stated that he was no pauper, that he had $500 in the bank, and that the wife said she had more money on his book than he had himself, and that he virtually admitted it. After that the two deposits of October 7, 1905, of $310 and November 23, 1906, of $200, were

made. Their testimony, given six years after the conversation that they attempted to state, when cross examined, shows that their memory was not clear as to the language used; but, taken in connection with other facts and circumstances, if believed by the sitting Justice, was sufficient to authorize the finding that the deposits after the $500 to the time of the conversations were the property of the wife, and upon the well established rule that the decision of a single Justice upon a matter of fact in an equity case shall not be reversed, unless the appellate court is clearly convinced of its incorrectness, the finding should stand. But there is no evidence of any admission by the husband after that, or any testimony as to how the remaining deposits were made, or by whom, and the court states: That the evidence did not satisfy the conscience of the court that the complainant had overcome the presumption that the last two deposits were the property of Francis S. Gower, deceased, and ruled that the last two deposits were the property of the estate, and that the declaration or admission of the deceased only applied to those deposits that had been made at the time of the declaration or admission.

It is urged that the case shows that the wife received interest and dividends at the time the last two deposits were made; that the husband had no way to obtain the money to make the deposits; that the wife did not make a present of the money to the husband; that she was present at the time the deposits were made, even if she did not make them herself; that the husband only drew the dividends on the $500 deposit, which is admitted to have been his, and that the court should have held that, as the three above named deposits were her property the last two were also her property; that the above circumstances and the manner of their life were sufficient to authorize the finding. The case does show that the plaintiff received $310 October 17, 1905, the date that sum was deposited, but on the day of the last deposit, November 23, 1906, she only received $125, all of which, if true, would be material facts in deciding the case.

But the defendant contests not only the facts, but the inferences to be drawn from the facts, and claims that, although October 17, 1905, she received a dividend and cash for coupons amounting to $310, it is not shown that that was the money deposited; that the husband did have an income sufficient to enable him to make the deposits; that he was an industrious man; that he carried on the farm, kept cows and hens and worked upon the highway and received

a pension; that it is not unreasonable to infer that the wife may have given some money to the husband, and the fact that they usually went to the bank together, when they had business there, does not warrant the inference that they were together when the last two deposits were made, and that when the last deposit was made the wife had an account in the Freeport branch of the Lewiston Savings Bank, where she could have deposited the money in her own name and the amount have drawn interest.

A consideration of the evidence shows a possibility in favor of each contention, but fails to prove, by clear and satisfactory evidence, that a trust was declared when the last two deposits were made, and to accept either contention would be guess work and not decision. As the plaintiff has not proved, by clear and convincing evidence, that a trust was declared when the deposits were made, and as the acts and words relied upon by the plaintiff do not unequivocally imply that the husband held the last two deposits in trust for the wife, the plaintiff has failed to prove that a trust was declared when the deposits were made, or to furnish satisfactory evidence of a subsequent declaration of trust, and the finding of that fact by the sitting Justice was authorized.

*Appeal dismissed.*
*Decree below affirmed.*